HICKEY *v.* LUNDY.

1. Pleading—Notice of Special Defense—Admissions—Appeal and Error—Court Rules.

Although defendant's original plea and notice in justice's court set up a breach of warranty of quality of the goods purchased by defendant's wife, in assumpsit by the seller for the purchase price, plaintiff was not authorized to rely on any claimed admission of liability under the notice (Circuit Court Rule 7 *e*), where defendant, on discovering the nature of the contract that plaintiff claimed to have made with defendant's wife, amended his plea and notice so as to deny any liability thereon.

2. Sales—Contracts—Lease—Husband and Wife.

Within the provisions of a contract, stipulating that defendant's wife should pay as rental one dollar weekly for certain clothing, which she might purchase at the end of the term on paying one cent additional, and that the contract was not intended as one of sale, conditional or otherwise, defendant could not be held on the theory that plaintiff had sold necessaries to the wife of defendant.

3. Same—Implied Contract.

The contract being express, the law will not imply one.

4. Same.

And in the absence of testimony that the wife acted as defendant's agent, or that her act was ratified by him, a verdict for defendant was properly directed.

Error to Shiawassee; Miner, J. Submitted November 20, 1911. (Docket No. 148.) Decided January 23, 1912.

Assumpsit in justice's court by Anna L. Hickey against Harry Lundy for goods leased to defendant's wife upon a written contract. From a judgment for defendant, plaintiff appealed to the circuit court. A judgment for defendant on a verdict directed by the court is reviewed by plaintiff on writ of error. Affirmed.

*A. L. Chandler* and *George E. Pardee*, for appellant.

*Seth Q. Pulver*, for appellee.

This action was commenced in the justice's court where the plaintiff declared orally in assumpsit and specially upon a certain written contract which was filed with the court and marked " Exhibit A." The contract is as follows:

" 11—7—1910.  389.  This agreement, made and executed this_____day and date, by and between D. E. Hickey & Co. (hereinafter called lessor) and_____ ( hereinafter called lessee) witnesseth, that the lessors have this day rented to the lessee the following goods, herein described:

" Description and value of goods.

" L. Suit 14  95

" 827–40

"Valued at $_____for the period of_____from date hereof, the sum of $1.00 deposit, and for the further sum of $1.00 per wk. to be paid promptly at their store during the continuance of this agreement. And the lessee agrees to pay said several sums promptly, and not to remove the property from his or her premises without the consent in writing of the lessors. It is distinctly understood that this is a contract in renting only, and not a sale, conditional or otherwise, and that the whole contract is expressed in this instrument. If the lessee shall faithfully keep this agreement and make all payments therein stipulated, when due, then after the payments of the last installment or rent, the lessee may at his or her own option purchase the property by paying the lessors one cent purchase money. If the lessee does not keep the above agreement, it is understood and agreed that he or she will return said property to the lessors on demand, without process of law; and the lessors are authorized to enter lessee's premises by their agent or agents and remove the same, provided the lessee does not voluntarily surrender it. If default shall be made in the payment of any installment of rent, as aforesaid, then the whole of the remaining rent shall become immediately due and payable, and I, the lessee, do hereby authorize any attorney of any court of record, or elsewhere, to enter and confess judgment for the full amount of rent, as aforesaid, with cost of suit and attorney's commission for collecting, release all errors

without any stay of execution, and I do hereby waive the right and benefit of any law of this or any other State, exempting salary, property, real or personal, from sale, giving full liberty to sell the same on (*fieri facias*) with release of all errors thereon.

"In witness whereof, we have hereunto set our hands and seals the day and year above written.

"Signed, sealed and delivered in the presence of.........

[Signed]          "D. E. HICKEY & Co.
[Signed]          "Mrs. NELLIE LUNDY.

"Address, 429 Howard.

"Lessee's occupation, Fireman.

"Employed at Sugar Fty."

To this declaration defendant filed a plea of general issue and gave notice thereunder that at the trial he would show a breach of warranty as to the quality of the goods in question and demand damages therefor. During the trial in the justice's court defendant was permitted to amend his notice as follows:

"Notice under plea of general issue; that contract upon which suit was brought is contract of rental, and not contract by which husband bound without express agreement on his part so to do; that defendant never agreed to terms of the contract, or authorized his wife to sign the same, or ever made any undertaking in regard to it; that after its execution Mr. Lundy, defendant, never ratified the contract or appointed his wife as his agent, or in any way ratified his contract so as to be binding on him."

Plaintiff, having been defeated in the justice's court, appealed to the circuit court. There a verdict was directed against her and she now reviews the case in this court by writ of error.

BROOKE, J. (*after stating the facts*). Plaintiff assigns six different reasons why she is entitled to a reversal of the judgment against her:

*First.* That under the notice attached to defendant's plea, under subdivision (*e*) of Circuit Court Rule No. 7, defendant's legal liability is admitted.

*Second.* It was a question for the jury whether the wife was the agent of the husband in doing what she did

towards the purchase of the goods, and as to whether they were necessaries.

*Third.* Defendant is liable to plaintiff because of his subsequent ratification of his wife's acts, which is a question for the jury.

*Fourth.* Defendant is liable on his express contract to pay for the goods, which was a question for the jury.

*Fifth.* If no express contract is proven, then defendant is liable on an implied contract to pay for the goods, which is a question for the jury.

*Sixth.* The court erred in his rulings on the admission and rejection of testimony.

In discussing the first question raised, it is sufficient to say that defendant, upon learning of the existence of Exhibit A, promptly amended his plea as above set forth, and the trial thereafter proceeded both in the justice and circuit courts upon the amended rather than upon the original notice. In the circuit court, plaintiff offered testimony to establish the liability of defendant. She did not rely upon the original notice under the plea as admitting such liability. Counsel for plaintiff seem to have proceeded upon the theory that under the amended notice defendant denied all liability.

The second, third, fourth, and fifth grounds urged may be treated together. In each it is assumed that there was a contract of sale and purchase at least between plaintiff and defendant's wife. It seems to us plain there was no such contract. The contract was in writing. It is unambiguous and provides for a stipulated rental for the property in question. It was further specially pleaded by plaintiff as evidencing her right to recover. There being an express contract, there is no room left for implication.

We find no testimony in the record which tends to prove that in executing said contract the wife acted as agent for the husband or that the husband ever ratified her actions in the premises, and it is not claimed that he thereafter purchased the goods himself.

The liability of the husband for necessaries purchased by the wife is not questioned. The only testimony in this

record, however, upon the question of whether or not the goods were necessaries is to the effect that they were not necessaries and it affirmatively appears that they were never purchased. A verdict having been properly directed in favor of defendant upon facts which are not in dispute, it is not necessary to consider the last ground urged for reversal.

The judgment is affirmed.

MOORE, C. J., and STEERE, MCALVAY, and BIRD, JJ., concurred.